**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20106-06-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ROBERTO QUINOREZ-QUINTERO, | ) | No. 13-2477-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 28, 2011, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On September 11, 2012, the Court sentenced defendant to 292 months in prison. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #232) filed September 13, 2013. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On March 26, 2009, a grand jury indicted Roberto Quinorez-Quintero, Carlos Guadalupe Beltran-Aguilar, Jose Torres-Garcia, Jose Viera, Perla Flores and Jose Antonio Beltran-Salazar with conspiracy to distribute 50 grams or more of methamphetamine and various other drug offenses. The government initially could not locate Quinorez-Quintero, but later arrested him in Omaha, Nebraska on additional drug charges. Defendant was using the alias Jesus Hernandez-Lopez. On March 17, 2010, in the United States District Court for the District of Nebraska, a grand jury charged Quinorez-Quintero, Bryan Cota and Alberto Heredia-Castro with conspiracy to distribute and possess with intent to distribute 500 grams of a mixture or substance containing

methamphetamine, possession with intent to distribute methamphetamine and possession with intent to distribute cocaine. See D. Nebr. No. 10-cr-91. On November 23, 2010, in the District of Nebraska, the Honorable Joseph F. Bataillon sentenced defendant to 108 months in prison.

On November 28, 2011, defendant pled guilty in this matter to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On September 11, 2012, the Court sentenced defendant to 292 months in prison.

On September 13, 2013, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that counsel was ineffective because he did not raise the issue of double jeopardy based on his conviction for the "same conspiracy" in Nebraska.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance

was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant's motion alleges that counsel was ineffective because he did not raise the issue of double jeopardy based on his conviction for the "same conspiracy" in District of Nebraska. Defendant has not alleged sufficient facts to show that counsel's failure to assert a double jeopardy defense was deficient or prejudicial. The double jeopardy clause prohibits successive punishments and successive prosecutions for the same criminal conduct.[1] United States v. Dixon, 509 U.S. 688, 696 (1993); Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Felix, 503 U.S. 378, 385 (1992) (by itself, overlap in proof between two counts does not establish double jeopardy violation); United States v. Farr, 591 F.3d 1322, 1324 (10th Cir. 2010) (if each offense contains separate element not present in other, double jeopardy does not bar prosecution and punishment of both offenses). "[I]f two charges of conspiracy are in fact based on a defendant's participation in a single conspiracy, the former jeopardy clause bars the second prosecution." United States v. Daniels, 857 F.2d 1392, 1393 (10th Cir. 1988). Defendant has the burden of proving double jeopardy and must prove "in fact and in law" that only one conspiracy existed, i.e. that the

---

[1] The Double Jeopardy Clause of the Fifth Amendment provides as follows: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

facts alleged in one conspiracy would sustain a conviction if offered in support of the other. United States v. Mintz, 16 F.3d 1101, 1104 (10th Cir. 1994); Daniels, 857 F.2d at 1394; see United States v. Swingler, 758 F.2d 477, 492 (10th Cir. 1985) (must be two separate agreements to violate law).

In a double jeopardy analysis involving conspiracies, the Court must determine whether the two transactions were interdependent and whether the participants in the two conspiracies were united in a common unlawful goal or purpose. Mintz, 16 F.3d at 1104. Interdependence involves a determination whether the activities of the alleged co-conspirators in one aspect of the charged scheme were necessary or advantageous to the success of the activities of co-conspirators in another aspect of the charged scheme, or the success of the venture as a whole. United States v. Rodriguez-Moreno, 215 F.3d 1338 (Table), 2000 WL 504858 at *3 (10th Cir. Apr. 28, 2000). The focal point of the interdependence analysis is whether the alleged co-conspirators were united in a common goal or purpose. United States v. Carnagie, 533 F.3d 1231, 1239 (10th Cir. 2008). A common goal by itself, however, is insufficient to establish interdependence. "What is required is a shared, single criminal objective, not just similar or parallel objectives between similarly situated people." Id. at 1239 (quoting United States v. Evans, 970 F.2d 663, 671 (10th Cir. 1992)).

The time frame of the Nebraska conspiracy – from January of 2008 through February 11, 2010 – partially overlaps with the time frame of the Kansas conspiracy – from January 1 through September 24, 2008. In addition, defendant was a member of both conspiracies. While the conspiracies involve limited overlap, defendant has not alleged sufficient facts to show that counsel had a legitimate argument that only one conspiracy existed or that the two conspiracies were interdependent. See United States v. Cardenas, 105 Fed. Appx. 985, 988 (10th Cir. 2004) (fact that two alleged conspiracies overlapped for single day does not establish interdependency). Defendant

pled guilty to two separate offenses. See United States v. Broce, 488 U.S. 563, 570 (1989) (defendant who pleads guilty to two counts with facial allegations of distinct offenses concedes he has committed two separate crimes). The Kansas conspiracy involved activities at two residences in Kansas City, Kansas and the substantive charges in the Kansas conspiracy involved drug transactions in July and August of 2008. The Nebraska conspiracy involved activities at a residence in Omaha, Nebraska and the substantive charges in the Nebraska conspiracy were limited to a car stop and search of defendant's residence on February 11, 2010. The Nebraska indictment also charged distribution of cocaine, but the Kansas indictment was limited to methamphetamine. Except for defendant, the participants in the two conspiracies do not overlap at all. See Cardenas, 105 Fed. Appx. at 988 (two conspiracies not interdependent when located in different states and involved different participants). Defendant has not shown that his two co-defendants in the Nebraska conspiracy had any connection with his five co-defendants in the Kansas conspiracy. Defendant apparently used the same source to supply methamphetamine for both conspiracies, but that fact by itself is insufficient to show a single conspiracy. See id. at 987-88 (single source of drugs does not by itself establish that two alleged conspiracies were interdependent); cf. United States v. Johnson, 977 F.2d 1360, 1374 (10th Cir. 1992) (various stashes of drugs considered separate where intended for different purposes or transactions), cert. denied, 506 U.S. 1070 (1993). Defendant has not set forth a sufficient factual or legal basis for counsel to object to his sentence on double jeopardy grounds. Accordingly, he has not shown that counsel's failure to raise a double jeopardy objection was deficient or prejudicial.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.

Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #232) filed September 13, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

Dated this 15th day of November, 2013 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge