**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 08-20106-06-KHV |
| ) | |
| ROBERTO QUINOREZ-QUINTERO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On November 28, 2011, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On September 11, 2012, the Court sentenced defendant to 292 months in prison. On November 15, 2013, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #232). See Memorandum And Order (Doc. #235). This matter is before the Court on defendant's Motion For Appointment Of Counsel (Doc. #245) and defendant's Abridged Motion To File A Motion To Vacate, Set Aside Criminal Conviction, And Sentence Pursuant To 28 U.S.C. Section 2255 (Doc. #246), which the Court construes as a motion for leave to file a second or successive motion under 28 U.S.C. § 2255, both filed July 28, 2016. For reasons stated below, the Court overrules defendant's motion to appoint counsel and transfers defendant's motion to file a second or successive Section 2255 motion to the Tenth Circuit Court of Appeals.

**I.   Motion To File A Second Or Successive Section 2255 Motion (Doc. #246)**

Defendant seeks leave to file a Section 2255 motion in light of the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Under the Antiterrorism and Effective

Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

Here, defendant has not filed his proposed Section 2255 motion.  Instead, he has filed an "abridged" motion for leave to file a Section 2255 motion and asks for 60 days to file a supplemental brief.  Doc. #246 at 2.  It appears that defendant's proposed claim lacks merit,[1] but such a determination is premature until defendant files his Section 2255 motion.  Defendant has misfiled the present motion for leave to file a Section 2255 motion in district court.  Accordingly, in the interest of justice, the Court transfers the motion for leave to file a Section 2255 motion (Doc. #246) to the Tenth Circuit Court of Appeals.

**II.    Motion For Appointment Of Counsel (Doc. #245)**

Defendant asks the Court to appoint counsel to help him file a motion to reduce his sentence based on Johnson.  On July 29, 2015, the Honorable J. Thomas Marten of the District of Kansas appointed the Office of the Federal Public Defender to represent any indigent defendant who was previously convicted and sentenced in the District of Kansas to determine whether that defendant

---

[1] Defendant states that he intends to present a claim that 21 U.S.C. § 846 is unconstitutionally vague because it requires analysis of an "archetypical case" and includes an "imprecise standard by which the archetypical case had to be judged."  Doc. #246 at 3.  Defendant argues that his claim is timely because it relies on Johnson, which he asserts "re-established vagueness challenges to a statute."  Doc. #246 at 2.

2

may qualify for post-conviction relief under Johnson, and if so, to assist the defendant in obtaining such relief. The Federal Public Defender has not entered an appearance.[2]

As explained above, defendant must seek leave from the Tenth Circuit Court of Appeals before filing a second Section 2255 motion. Absent such authorization and based on the questionable merit of defendant's proposed claim, the Court declines to appoint counsel. To the extent that defendant seeks counsel to assist in his motion for leave to file a Section 2255 motion before the Tenth Circuit, he should direct his request to that court. The Court overrules defendant's request to appoint counsel on the present record.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #245) filed July 28, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Abridged Motion To File A Motion To Vacate, Set Aside Criminal Conviction, And Sentence Pursuant To 28 U.S.C. Section 2255 (Doc. #246) filed July 28, 2016, which the Court construes as a motion for leave to file a second or successive motion under 28 U.S.C. § 2255, is **TRANSFERRED to the Tenth Circuit Court of Appeals for processing under Title 28, United States Code, Sections 2244(b)(3) and 2255(h)**.

Dated this 3rd day of August, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Given that the one-year period since Johnson recently expired, the Federal Public Defender apparently does not intend to enter an appearance.

3