IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERTO QUINONEZ-QUINTERO, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 08-20106-06-KHV |

**MEMORANDUM AND ORDER**

On September 11, 2012, the Court sentenced defendant to 292 months in prison. On February 17, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months. On December 8, 2021, pursuant to a prisoner transfer treaty, the Bureau of Prisons ("BOP") released defendant to serve the remainder of his sentence in the custody of Mexican officials. See Treaty On Execution Of Penal Sentences, Nov. 25, 1976, U.S.-Mexico, 28 U.S.T. 7399, T.I.A.S. No. 8718. This matter is before the Court on defendant's pro se Motion For Reduction Of Sentence With 365 Days Credit (Doc. #277) filed August 5, 2024. For reasons stated below, the Court dismisses defendant's motion.

Defendant seeks an award of 365 days of good-time credit. The BOP—not a district court—is authorized to calculate a prisoner's good-time credit. See 18 U.S.C. § 3624(b)(1) (delegating to BOP authority to calculate credit up to 54 days for each year of satisfactory behavior). A challenge to the BOP calculation of good-time credit goes to the execution of a sentence and should be brought, if at all, against defendant's custodian under 28 U.S.C. § 2241. See United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997); see also McIntosh v. U.S. Parole

Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (Section 2241 petition attacks execution of sentence by challenging matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters).  Defendant does not assert that a retroactive sentencing amendment lowered his sentencing range.  Therefore, the Court lacks jurisdiction to consider his petition under Section 3582(c)(2).  See 18 U.S.C. § 3582(c)(2) (district court may reduce sentence defendant sentenced to term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)").  Because the Court lacks authority to review the BOP calculation of good-time credit under Section 3582(c)(2), the Court dismisses defendant's motion.[1]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction Of Sentence With 365 Days Credit (Doc. #277) filed August 5, 2024 is **DISMISSED**.

Dated this 27th day of August, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Before seeking judicial review of credits under Section 2241, prisoners must exhaust administrative remedies.  See Buchanan v. U.S. Bureau of Prisons, 133 F. App'x 465, 467 (10th Cir. 2005) (review of credit for time served in state court).  Therefore, even if defendant's motion could be construed as a civil action under 28 U.S.C. § 2241 which was properly filed against the BOP in this District, the Court would dismiss it.