**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-20106-06-KHV |
| ROBERTO QUINONEZ-QUINTERO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 11, 2012, the Court sentenced defendant to 292 months in prison. On February 17, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months. On December 8, 2021, pursuant to a prisoner transfer treaty, the Bureau of Prisons released defendant to serve the remainder of his sentence in the custody of Mexican officials. See Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mexico, 28 U.S.T. 7399, T.I.A.S. No. 8718. This matter is before the Court on defendant's pro se Motion For Reduction In Sentence (Doc. #284) filed July 7, 2025. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must

show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") reduces the criminal history points for defendants who commit offenses while under a criminal justice sentence.  Compare U.S.S.G. § 4A1.1(e) (Nov. 1, 2024 ed.) (adding one criminal history point for offenses committed while under criminal justice sentence and only if defendant otherwise has at least seven criminal history points) with U.S.S.G. § 4A1.1(d) (Nov. 1, 2011 ed.) (adding two criminal history points for offenses committed while under criminal justice sentence).  The United States Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Defendant is not eligible for relief because he did not receive any criminal history points for committing the instant offense while under another criminal justice sentence.  See Presentence Investigation Report (Doc. #205) filed March 27, 2012, ¶¶ 45–46.  Accordingly, the Court dismisses defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction In Sentence (Doc. #284) filed July 7, 2025 is **DISMISSED**.

Dated this 14th day of July, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge