## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 08-20106-06-KHV** |
| **ROBERTO QUINONEZ-QUINTERO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 11, 2012, the Court sentenced defendant to 292 months in prison. On February 17, 2015, the Court reduced defendant's sentence to 235 months.[1] On March 5, 2024 and July 14, 2025, the Court dismissed defendant's motions which sought reduced sentences under Amendment 821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). See Memorandum And Order (Doc. #270); Memorandum And Order (Doc. #286). This matter is before the Court on defendant's Motion Pro Se [To] Assign A Federal Public Defender Attorney Or Paralegal Specialist And [For] Reconsideration Of Judgment On March 5, 2024 (Doc. #287) filed October 1, 2025. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to appoint counsel or a paralegal to assist him with a motion for relief under Amendment 821. Because paralegals work under the direction of counsel, the Court construes defendant's request as one for appointment of counsel. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a motion to reduce sentence under

---

[1] On December 8, 2021, pursuant to a prisoner transfer treaty, the Bureau of Prisons released defendant to serve the remainder of his sentence in the custody of Mexican officials. See Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mexico, 28 U.S.T. 7399, T.I.A.S. No. 8718.

a guideline amendment.   See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).   In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.   See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).   Applying these factors, defendant is not entitled to counsel.   As explained below, defendant's claim lacks merit.   In addition, his claim is not particularly complex factually or legally.   Finally, defendant appears to be able to adequately present his claim.   For these reasons, the Court overrules defendant's request for counsel.

Defendant also asks the Court to reconsider the dismissal of his motions under Amendment 821.   The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider.   Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases.   See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).   The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.   Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Amendment 821 reduces the total offense level for certain defendants with zero criminal history points and defendants who received criminal history points for committing an offense while under another criminal justice sentence.   As explained in the Court's Memorandum And Order (Doc. #270) and Memorandum And Order (Doc. #286), defendant has three criminal history points

-2-

and he did not receive any criminal history points for committing the instant offense while under another criminal justice sentence.   Because defendant has not shown that he is eligible for relief under Amendment 821, the Court overrules his motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Pro Se [To] Assign A Public Federal Defender Attorney Or Paralegal Specialist And [For] Reconsideration Of Judgment On March 5, 2024</u> (Doc. #287) filed October 1, 2025 is **OVERRULED**.

Dated this 21st day of October, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge