**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 08-20106-06-KHV** |
| **ROBERTO QUINONEZ-QUINTERO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 11, 2012, the Court sentenced defendant to 292 months in prison.  On February 17, 2015, the Court reduced defendant's sentence to 235 months.[1]   On March 5, 2024 and July 14, 2025, the Court dismissed defendant's motions which sought reduced sentences under Amendment 821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).  See Memorandum And Order (Doc. #270); Memorandum And Order (Doc. #286).   This matter is before the Court on defendant's Motion For Reduction In Sentence Based On The Newly Implemented Section S.B. 1437 Of The United States Sentencing Guidelines (Doc. #291) filed April 1, 2026, which the Court construes as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).   For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant seeks relief under Section 3582(c)(2), which permits the

---

[1]     On December 8, 2021, pursuant to a prisoner transfer treaty, the Bureau of Prisons released defendant to serve the remainder of his sentence in the custody of Mexican officials.   See Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mexico, 28 U.S.T. 7399, T.I.A.S. No. 8718.

Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).   Under Tenth Circuit precedent, the first hurdle is jurisdictional.   Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant seeks relief under Amendment 833 to the Sentencing Guidelines, which became effective November 1, 2025. [2]   The Sentencing Commission has not voted to apply Amendment 833 retroactively to offenders who are currently incarcerated.   See U.S.S.G. § 1B1.10(d) (Amendment 833 not included in amendments for retroactive application).   While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255. United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003).   The Court lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the

---

[2]   Amendment 833 allows a downward adjustment for certain defendants who performed low-level functions in a drug trafficking offense.   See Amendment 833, U.S.S.G., App. C – Vol IV, at 294–98 (Nov. 1, 2025).

Guidelines which the Sentencing Commission has not designated as retroactive.  See id. Because Amendment 833 is not retroactive, the Court dismisses defendant's request for relief under Section 3582(c)(2) for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reduction In Sentence Based On The Newly Implemented Section S.B. 1437 Of The United States Sentencing Guidelines (Doc. #291) filed April 1, 2026, which the Court construes as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), is **DISMISSED for lack of jurisdiction**.

Dated this 6th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge